Julia DAVID, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70018.
Agency No. A79–523–357.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 1, 2005.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cindy S. Chang, Law Offices of Cindy S. Chang, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, M. Jocelyn Lopez–Wright, Sarah Maloney, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Petitioner seeks review of a decision denying her asylum in the United States. For the reasons set forth below, we grant the petition in part and remand for further proceedings.

The petitioner in this case, Julia David ("David"), is an ethnic Chinese, Christian woman from Indonesia. Her application for asylum rests on the claim that she has a well-founded fear of persecution on account of her ethnicity and religion. *See* 8 C.F.R. § 208.13(b)(2). At her removal proceedings, David testified to the hostile treatment she endured in Indonesia. The immigration judge ("IJ"), however, rejected David's argument that she had demonstrated a well-founded fear of persecution and ruled that she was statutorily ineligible for asylum. Accordingly, the IJ denied David's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture. The Board of Immigration Appeals ("BIA") affirmed.

The IJ and the BIA did not apply our decision in *Kotasz v. INS*, 31 F.3d 847, 853 (9th Cir.1994), which bears directly on the legal issues presented by David on appeal. In *Kotasz*, we held that when aliens are member of "disfavored groups" in the society from which they are seeking asylum, they need demonstrate "less evidence of individualized persecution" in order to establish their eligibility for asylum. *Id.* at 853–54. Recently, in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004), we applied that disfavored-group analysis to the case of an ethnic Chinese, Christian woman from Indonesia. We held that the petitioner's in-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dividual history of victimization in that case, viewed against the backdrop of "Indonesia's history of anti-Chinese violence and official discrimination," entitled her to asylum. 386 F.3d at 926–29.

Both the IJ and the BIA failed to apply the disfavored-group analysis set forth in *Kotasz*. In addition, neither tribunal addressed the Ninth Circuit's decision in *Sael* for the obvious reason that the case had not been decided at the time of their rulings. We therefore remand the case to the BIA for it to determine whether, under the analysis established in *Kotasz* and applied in *Sael*, the petitioner has established her eligibility for asylum. *Cf. INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

Petition GRANTED IN PART and RE-MANDED.